317 So.2d 104 (1975)
Alfred PEROTTA et al., Appellants,
v.
TRI-STATE INSURANCE COMPANY, Etc., Appellees.
No. 74-1428.
District Court of Appeal of Florida, Third District.
June 24, 1975.
Rehearing Denied September 8, 1975.
Horton, Perse & Ginsberg, Brumer, Moss, Cohen & Rodgers, Miami, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and William Bruce Harper, Jr., Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
*105 PER CURIAM.
Alfred Perotta and Marie, his wife, appeal from an adverse summary judgment terminating a personal injury lawsuit against William Sawyer and Edith, his wife, and the Sawyers' insurance carrier, Tri-State Insurance Company.
The ultimate issue presented is whether the trial court erred in finding there was no genuine issue of material fact and, therefore, as a matter of law, the Sawyers and their insurance company were entitled to a summary judgment in their favor. The facts are not materially in dispute. The Perottas were invited and attended a wedding reception at the Sawyers' home in honor of the Sawyers' daughter. Also invited were Mr. and Mrs. Salvatore who brought with them their two and one-half year old daughter, Terri. There was no express invitation extended to the Salvatores' daughter, although there were older children on the premises. The wedding reception was being held in the afternoon. To accommodate the guests, all of the areas of the house were opened which included a screened patio/pool area with tables nearby for such guests. The pool itself, which was inside the screened area, had a string of fish net between two posts along the length of the pool on the side closest to the house. The two ends of the pool had no barriers. For some length of time Terri was supervised in the patio/pool area by her parents and grandparents; however, during a lapse of attention by the parents, Mrs. Salvatore observed Terri walking precariously on the coping tile at the edge of the pool. Mrs. Salvatore "yelled a warning to Terri." Then Terri started to run, slipped and fell into the pool. Alfred Perotta, observing the incident, ran to little Terri's rescue, & jumped into the pool to save her, but unfortunately he landed in the shallow end thereof, causing injuries to himself. Terri was extricated, unharmed from the pool by Perotta.
The rescue doctrine, herein involved, generally is that one who is injured in reasonably undertaking a necessary rescue, may recover for his personal injuries from the person whose negligence created the peril necessitating the rescue. 57 Am.Jur.2d, Negligence, § 227 et seq. There may well be an issue of fact as to whether Terri was a social guest or uninvited licensee. Assuming she was a social guest, the Sawyers owed a duty of reasonable care under the circumstances and a duty to maintain the premises in a reasonably safe condition. In any event, irrespective of the duty herein involved, in order for the Sawyers to be liable for the injury of Perotta, it must be shown that the Sawyers' negligence was the proximate cause of the injury. Perotta does not complain of any visible or latent defect in the pool or pool area, but contends that the Sawyers should have barricaded the pool. We do not agree. Here the parents' failure to control and supervise their two and one-half year old child when they placed the child in the pool area, which they not only observed on the day of the incident but knew was there before they brought the child on the premises, constituted an active and efficient intervening cause. 59 Am.Jur.2d, Parent and Child, § 14, p. 97 states:
"A parent in the immediate control of a child of tender years who is too young to be capable of exercising any self-reliant care for its own safety is responsible for its preservation from hazards, and it is the parent's duty to watch over such child and to guard it from danger. In such case, the parent may be regarded in a sense as a repository of a trust to nurture and protect his offspring. Parents are, of course, not required to do the impossible in caring for their children. As a rule, however, they are bound to provide such reasonable care and protection as an ordinarily prudent person, solicitous for the welfare of his child, would deem necessary."
Under the facts in this case and in view of the active and efficient intervening cause, we find that the question of proximate *106 cause was a proper one for the court to determine. Kwoka v. Campbell, Fla.App. 1974, 296 So.2d 629. We are of the opinion, therefore, that there is no genuine issue of material fact raised and that the trial court was correct in entering summary judgment as a matter of law.
Affirmed.