MELVIN, Judge.
This appeal is from a judgment entered in favor of appellee Simer (plaintiff below) in a case involving personal injuries to him. The essential allegations of Simer’s second amended complaint were that Eaton, a special investigator and an agent of the State Attorney of the Seventh Judicial Circuit, an agency of the State of Florida, had, through his negligence in arresting and detaining one Maloney, caused injury to Simer. Specifically, the complaint alleged that Eaton’s negligence had created a certain peril to himself necessitating Simer’s rescue attempt, which, coupled with Eaton’s further negligence, resulted in Simer’s injuries.
The essential facts adduced at the jury trial were uncontradicted. Eaton, a special investigator for the state attorney’s office, was in civilian clothing and driving his unmarked, state vehicle when he encountered Maloney, who was driving erratically and at an excessive speed. Maloney stopped across from Eaton’s stationary vehicle and began to curse Eaton for his driving ability. Eaton left his car and approached Maloney’s to investigate. Upon seeing Maloney’s hand on a tire tool located on the seat of the car, Eaton informed Maloney that he was a law officer and that he should remove his hand from the tire tool. Replying that he would beat Eaton without relying upon a weapon, Maloney sprang from his car and struck Eaton in the face with his fist. Eaton returned the blow and the two scuffled for five to ten minutes, during which time Eaton succeeded in applying a “headlock” to Maloney. Eaton testified that Maloney smelled of alcohol and that he increased his efforts to escape when he (Eaton) denied his requests to be physically released.
During the struggle, at least two vehicles passed and ignored Eaton’s request for assistance. Finally, Simer stopped and Eaton told him that he was a police officer and needed help. Eaton asked Simer if he knew how to operate a radio and upon Simer’s affirmative answer, asked that Simer use Eaton’s car radio to call for help. Simer did so. Eaton testified that he overheard Simer’s call and seconds later heard the siren of a police car that would arrive in approximately a minute.
Eaton testified that Maloney, on hearing the siren, conceded his arrest and, again, asked to be released, stating that he was “whipped”, and would stand by and await the arrival of the police. Eaton stated that in his 15 years of law enforcement experience he had often seen resisting prisoners calmed when they realized the futility of their position.
Tired by the five to 10 minute struggle, Eaton relaxed his grip on Maloney’s head. *359 As he did so, Maloney bolted from his arms, dove through the open door of his still running car and placed it in gear. In the meantime, Simer, who had made the call from Eaton’s car, decided, without any further request from Eaton, that he could further preclude Maloney’s escape by disabling his car. Having decided to open the hood of Maloney’s car and disable it by pulling the ignition wires of the running engine, Simer, unfortunately, arrived at the front of the vehicle just in time to be run over by the escaping Maloney. Simer suffered leg and back injuries and the aggravation of a pre-existing back injury.
On these facts, the jury returned a verdict for Simer finding his total damages to be $30,000.00, and assessing his negligence at 15 percent, the State of Florida’s negligence at 25 percent and State Farm Mutual Automobile Insurance Company, as Simer’s uninsured motorist carrier, liable for 60 percent of the damages. The State brings this appeal challenging the sufficiency of the evidence supporting the finding of negligence against it.
Although we commend Simer for his initial actions in stopping to render aid to Eaton and in radioing for assistance as he was requested to, we agree with the State that Simer’s injuries were not occasioned by any negligence on the part of the State and must, therefore, reverse.
In view of our finding that there was no negligence on the part of the State in the instant case, we find it unnecessary to discuss the State’s partial waiver of its sovereign immunity for liability for torts.
It is easier to be critical than it is to be correct.
.“Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.” Fla. Standard Jury Instructions 4.1.
Simer invokes the rescue doctrine which provides generally that one who is injured in reasonably undertaking a necessary rescue may recover for his personal injuries from the person whose negligence created the peril necessitating the rescue. 57 Am.Jur.2d Negligence § 227, citing Perotta v. Tri-State Insurance Company, 317 So.2d 104 (Fla. 3d DCA 1975), cert. den. 330 So.2d 20 (Fla.1976).
In Perotta, Perotta was the social guest of the Sawyers, whom he sued for personal injuries he sustained while attempting the rescue of a third party’s child. The two and one-half year old child, Terri, had, during a lapse of her parents’ supervision, fallen into the Sawyers’ patio pool. Observing the danger to the child, Perotta ran to her rescue and jumped into the pool to save her. Although he was able to remove Terri unharmed from the pool, Perotta, unfortunately, had jumped into the shallow end, causing injuries to himself.
The issue on appeal was whether the trial court properly granted the Sawyers’ and their insurance carrier’s motion for summary judgment. Affirming, the Second District stated:
“. . . There may well be an issue of fact as to whether Terri was a social guest or uninvited licensee. Assuming she was a social guest, the Sawyers owed a duty of reasonable care under the circumstances and a duty to maintain the premises in a reasonably safe condition. In any event, irrespective of the duty herein involved, in order for the Sawyers to be liable for the injury of Perotta, it must be shown that the Sawyers’ negligence was the proximate cause of the injury. Perotta does not complain of any visible or latent defect in the pool or pool area, but contends that the Sawyers should have barricaded the pool. We do not agree. Here the parents’ failure to control and supervise their two and one-half year old child when they placed the child in the pool area, which they not only observed on the date of the incident but knew was there before they brought the child on the premises, constituted an ac *360 tive and efficient intervening cause.” (at page 105)
In the instant case, Special Investigator Eaton, a law enforcement officer with over 15 years service, testified that it was his view that physically restrained individuals would peacefully stand by when they realized their position was hopeless. Eaton testified that he could hear the siren of the police car coming to his assistance and thought from his experience that Maloney would stand by. He testified, further, that he wasn’t aware that Maloney’s car was running and that he thought Simer was in a safe position near his truck and not near the hood of Maloney’s car.
Foreseeability and proximate cause are essential principles of negligence actions that must be alleged and proved. As stated by Judge Rawls, writing for this Court in Bryant v. Jax Liquors, 352 So.2d 542 (1977), “ ‘Probable cause’ is not ‘possible cause’. ‘Foreseeable’ is not ‘what might possibly occur’.”
While Special Investigator Eaton might be charged with notice that his well-intended civilian assistant would possibly leave his position of safety and engage in the unrequested act of attempting to disable Maloney’s running car by standing in front of it and might thereby be run over by Maloney, who unexpectedly bolted from custody and made good his escape, we hold under the specific facts of this case that the series of events leading to Simer’s unfortunate injuries were not “foreseeable” and, therefore, that the evidence was insufficient to support the jury’s finding of negligence against the State.
Accordingly, that portion of the final judgment entered against the State of Florida is REVERSED.
BOOTH, J., concurs.
SMITH, Acting C. J., dissents without opinion.