427 So.2d 214 (1983)
RELIANCE ELECTRIC COMPANY, HAUGHTON ELEVATOR DIVISION, Appellant,
v.
Geraldine HUMPHREY, Appellee.
No. 81-1733.
District Court of Appeal of Florida, Fourth District.
February 9, 1983.
Rehearing Denied March 15, 1983.
Samuel Tyler Hill, Fort Lauderdale, and Edna L. Caruso, West Palm Beach, for appellant.
Ralph F. Pelaia, Jr., Fort Lauderdale, Larry Klein, West Palm Beach, and Birr, Bryant & Saier, P.A., Fort Lauderdale, for appellee.
HURLEY, Judge.
The issue is whether a violation of Section 399.02(6)(b), Florida Statutes (1981) (which requires proper maintenance of elevators), constitutes negligence per se. We hold that it does and, therefore, we approve the trial court's instruction to this effect and we affirm.
An instruction that a violation of a given statute is negligence per se is appropriate in two circumstances: (1) when the statute is of the "strict liability" type, i.e., "designed to protect a particular class of persons from their inability to protect themselves, such as one prohibiting the sale of firearms to minors." de Jesus v. Seaboard Coastline Railroad, 281 So.2d 198, 201 (Fla. 1973); and (2) when the statute "establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." Ibid. See also, Florida Freight Terminals, Inc. v. Cabanas, 354 So.2d 1222 (Fla. 3d DCA 1978); Hines v. Reichhold Chemicals, Inc., 383 So.2d 948 (Fla. 1st DCA 1968).
Section 399.02(6)(b) falls squarely within the second category. It provides in pertinent part that:
The owner or his duly appointed agent shall be responsible for the safe operation and proper maintenance of the elevator, dumbwaiter, escalator, moving walk, endless belt man lift, or powered lift for sewage pump station after it has been approved by the division and placed in service. The owner or his agent shall make periodic inspections, maintain in proper working order all parts of the elevator installation, and make and be responsible for all tests and inspections which the division may require.
Elevators are commonplace. Indeed, in many buildings they provide the only reasonable mode of conveyance. Yet the passengers  the class of individuals for whom the statute was enacted  have no say in questions of maintenance, repair and other safety precautions. Thus, the task of making *215 elevators safe necessarily falls upon the owner or agent who is in a position to undertake proper maintenance. The proper execution of this duty is of paramount importance. Consequently, it is consistent with the body of law cited above to hold that a violation of this statute constitutes negligence per se.
AFFIRMED.
ANSTEAD, J., and SHAHOOD, GEORGE A., Associate Judge, concur.