515 So.2d 277 (1987)
Leo DAVIS, Appellant/Cross-Appellee,
v.
OTIS ELEVATOR COMPANY, Appellee/Cross-Appellant.
No. 86-1995.
District Court of Appeal of Florida, Fifth District.
October 15, 1987.
Rehearing Denied November 16, 1987.
Terrill J. LaRue of LaRue, Bernardini, Seitz & Berg, Daytona Beach, for appellant/cross-appellee.
Francis J. Carroll, Jr. of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellee/cross-appellant.
ORFINGER, Judge.
The issue on appeal is whether the trial court committed reversible error in refusing to instruct the jury that a violation of section 399.02(6)(b) constituted negligence per se. We conclude that it did, and reverse the final judgment for defendant.
Davis, an employee of Halifax Hospital Medical Center (Halifax), was injured in the course of his employment when the hospital's elevator suddenly dropped 15 inches as he was exiting it. Davis filed suit against Otis Elevator Company (Otis) based upon Otis' alleged negligence in failing to maintain the elevator in accordance with its service contract with Halifax whereby Otis was required to maintain the elevator, make periodic inspections, clean, lubricate and replace small parts. Otis was not obligated to make "major" repairs, but was obligated to recommend the need for such *278 repairs to Halifax, which would then issue a separate purchase order to have that work done. At trial, Davis' expert testified that the bottom conductor switch was energized because something in the unit was "broken or shorted out or grounded" and that with appropriate maintenance the system would not have failed.
Davis requested that section 399.02(6)(b), Florida Statutes (1979)[1] and standard Jury Instruction 4.9 be read to the jury. That statute makes the owner or his appointed agent responsible for the safe operation and proper maintenance of an elevator, and violation of the statute is a misdemeanor. § 399.11, Fla. Stat. (1979). The requested Standard Jury Instruction reads:
Violation of this statute is negligence. If you find that a person alleged to have been negligent violated this statute, such person was negligent. You should then determine whether such negligence was a legal cause of the injury complained of.
In de Jesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198 (Fla. 1973), the court held that the violation of a statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury constitutes negligence per se. The statute in question here falls squarely within this category, its violation is negligence per se, and an instruction to that effect is appropriate. Reliance Electric Company v. Humphrey, 427 So.2d 214 (Fla. 4th DCA 1983).
The question remains whether the trial court's refusal to give this instruction constitutes reversible error. Appellee suggests that even if error, it is harmless since the trial court thoroughly instructed the jury on the elements of negligence. In Seaboard Coastline Railroad Company v. Addison, 502 So.2d 1241 (Fla. 1987) the court held that
When the trial judge fails to read or paraphrase the statute and inform the jury that a violation of the statute is evidence of negligence, the jury is given no guidance on either the requirements of the statute or what effect a violation of the statute should have on its deliberations.
502 So.2d at 1242. Failure to give the requested instruction was held to be reversible error. In Addison, the statute involved was a traffic regulation, the violation of which is only evidence of negligence. It is even more appropriate to require the court to advise the jury of the existence of the statute where, as here, the violation of it is negligence per se, so that the jury is aware of its existence and of the legal effect of a violation thereof. We conclude, therefore, that the failure to give the requested instruction constituted reversible error and requires a new trial.
On its cross-appeal, Otis argues that a directed verdict should have been granted it because Davis failed to establish an actual defect which should have been discovered upon reasonable inspection. Davis' expert testified that although he was unable to pinpoint the exact cause of the overload, the overload was the cause of the malfunction which would not have occurred but for the negligent maintenance of the elevator. This testimony is of a res ipsa loquitur nature and went unobjected to at trial. Thus, although there was no direct evidence of the exact cause of the malfunction, the theory of res ipsa loquitur was indirectly presented to the jury. The doctrine of res ipsa loquitur is "particularly applicable" in elevator cab cases. Ferguson v. Westinghouse Electric Corp., 408 So.2d 659 (Fla. 3d DCA), rev. denied, 418 So.2d 1281 (Fla. 1982). The evidence was sufficient to go to the jury on the question of Otis' negligent maintenance of the elevator and thus the trial court did not err in denying the motion for directed verdict.
*279 REVERSED and REMANDED for new trial.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Section 399.02(6)(b), Florida Statutes (1979) reads, in pertinent part:

The owner or his duly appointed agent shall be responsible for the safe operation and proper maintenance of the elevator, ... after it has been approved by the division and placed in service. The owner or his agent shall make periodic inspections, maintain in proper working order all parts of the elevator installation, and make and be responsible for all tests and inspections which the division may require.