548 So.2d 854 (1989)
Gregory NICOSIA and Maria Nicosia, Appellants,
v.
OTIS ELEVATOR COMPANY, et al., Appellees.
No. 88-209.
District Court of Appeal of Florida, Third District.
September 12, 1989.
Horton, Perse & Ginsberg and Edward A. Perse, and Carroll & Halberg, Miami, for appellants.
Barwick, Dillian, Lambert & Angel and Thomas E. Ice, Miami Shores, Richard A. Sherman and Rosemary Wilder, Fort Lauderdale, for appellees.
Before NESBITT, FERGUSON and LEVY, JJ.

Substituted Opinion
NESBITT, Judge.
We grant appellee Otis Elevator's motion for clarification and withdraw the opinion of this court filed on June 27, 1989, substituting the following in its place.
In a negligence case based on injuries received after an elevator stalled, plaintiffs appeal the grant of a directed verdict for the defendants.
Gregory Nicosia and another man were moving furniture into rented office space after business hours when the elevator they were using stalled. The telephone inside the elevator was not working, so the two pushed the elevator alarm button. However, no one was in the building to come to their aid. After waiting about thirty minutes, the two panicked and eventually forced their way out of the compartment through the sealed emergency hatch by ramming a steel dolly they were using to move furniture through the hatch and then hoisting themselves atop the elevator car, out into the shaft, and eventually onto the second floor. Plaintiff Nicosia allegedly injured himself in the escape. Defendant Otis Elevator maintained the elevator *855 pursuant to a service contract with the building owner.
Nicosia, joined by his wife, brought suit against Otis, Investment Properties, owner of the building where the elevator was located, and Joy Realty, the leasing agent for the building. At trial, defendants' motion for directed verdict was granted on the ground that Nicosia's unforeseeable actions in escaping from the elevator were the intervening cause of the injury.
Section 399.02(2), Florida Statutes (1987), adopts the American Standard Safety Code for Elevators, Dumbwaiters and Escalators [ASME/ANSI], hereinafter the Elevator Safety Code, which sets forth the governing rules for elevator safety in Florida. ASME/ANSI A17.1 (1987). That code states that it is the duty of the elevator owner to provide voice communication to the outside for anyone trapped in the elevator.[1] § 211.1(a)(2), Elevator Safety Code (1987). The record shows that the telephone in this elevator was out of service at the time of the elevator malfunction which precipitated Nicosia's injury.
Moreover, section 399.02(5)(b), Florida Statutes (1987), makes the elevator owner responsible for the safe operation and proper maintenance of the elevator. Failure to comply with section 399.02 constitutes negligence per se. See Davis v. Otis Elevator Co., 515 So.2d 277 (Fla. 5th DCA 1987), review denied, 520 So.2d 585 (Fla. 1988); Reliance Elec. Co., Haughton Elevator Div. v. Humphrey, 427 So.2d 214 (Fla. 4th DCA 1983); see also de Jesus v. Seaboard Coast Line R.R. Co., 281 So.2d 198 (Fla. 1973) (violation of a statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury constitutes negligence per se). It follows that the failure in this case of the building owner to maintain the elevator in proper working order and the owner's failure to provide the required voice communication to the outside for trapped elevator passengers as required by section 399.02 amounted to negligence per se. See Davis, 515 So.2d at 277; Alford v. Meyer, 201 So.2d 489 (Fla. 1st DCA 1967), cert. denied, 209 So.2d 671 (Fla. 1968).
On the other hand, section 399.02(5)(b) does not apply to Otis, the service contractor. Prior to its amendment in 1983, section 399.02(5)(b), then section 399.02(6)(b), provided:
The owner or his duly appointed agent shall be responsible for the safe operation and proper maintenance of the elevator... . (Italicization added).
However, in 1983, the legislature deleted the words "or his duly appointed agent." The intent could only have been to limit the reach of the statute. Accordingly, the negligence per se presumption would solely be applicable to the elevator owner. This statutory amendment, however, does not prohibit a claim, as here, of negligent maintenance against an elevator service contractor. It simply eliminates any presumption of negligence.
Moreover, as to defendant Otis, the evidence was uncontradicted that it had no responsibility to maintain the telephone. The telephone's maintenance was purely the responsibility of the building owner. In their brief, appellants admit as much. Thus, any liability on the part of Otis would be limited to a finding of negligent maintenance.
Assuming then, without deciding, that the elevator breakdown was due to improper maintenance on the part of Otis, and considering the negligence per se of the building owner, the question thus becomes: Was the defendants' negligence individually or concurrently the legal cause of the injury complained of? See de Jesus, 281 So.2d at 198. The defendants point out that the sealed escape hatch complied with another section of the Elevator Safety Code which requires that escape hatches open only from the outside. § 204.1e(3), Elevator Safety Code (1987). Defendants contend that the rule's purpose is to prevent *856 accidents which occur when trapped passengers climb out of stalled elevators and injure themselves. However, while proof of compliance with a statute is evidence of due care, it is not conclusive on the issue, see Restatement (Second) of Torts § 288C (1965), especially in the face of noncompliance with an equally relevant statute.
Defendants, nevertheless, contend that a directed verdict was proper because the plaintiff's actions in using the steel dolly to break through the hatch and escape were the superseding cause of his injuries. We disagree that a directed verdict was proper and hold that the issue of whether the plaintiff's actions in escaping were the natural and probable consequence of the situation created by the defendants' alleged negligence was a question of fact for the jury to decide. See Cone v. Inter County Tel. & Tel. Co., 40 So.2d 148 (Fla. 1949); General Dynamics Corp. v. Adams, 340 F.2d 271 (5th Cir.1965); Restatement (Second) of Torts § 443 (1965); see also Brookbank v. Mathieu, 152 So.2d 526, 528 (Fla. 3d DCA), (caution in directing a verdict is especially called for in negligence cases since reasonable persons often draw varied conclusions from the same evidence), cert. denied, 157 So.2d 817 (Fla. 1963). Upon retrial, the jury may also, of course, consider the issue of comparative negligence on the part of the plaintiff. See de Jesus, 281 So.2d at 198.
Accordingly, it was error to direct a verdict for the building owner who was charged by section 399.02 with the responsibility to properly maintain the elevator and to provide outside voice communication. As to defendant Otis, based on the operative service contract, it undertook the duty to maintain the elevator apparatus in proper working order. Upon retrial, should the jury decide that Otis breached that duty and that the breach resulted in the plaintiff's injury, it would be liable for damages. On the other hand, entry of a directed verdict for the realty company was proper as it clearly was not responsible for the elevator.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] The rule requiring voice communication is applicable to elevators, like that involved here, which were installed after October 1, 1978.