559 So.2d 646 (1990)
Robert Lee BRUNSON, As Personal Representative of the Estate of Lagarian Brunson, Deceased Minor, Appellant,
v.
The DADE COUNTY SCHOOL BOARD, Appellee.
No. 89-211.
District Court of Appeal of Florida, Third District.
March 13, 1990.
Rehearing Denied May 11, 1990.
*647 Horton, Perse & Ginsberg and Edward A. Perse and Arnold R. Ginsberg, Herman Klemick, Miami, for appellant.
Peters, Pickle, Niemoeller, Robertson, Lax & Parsons and Jeffrey A. Mowers, Miami, for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
This is an appeal from a final summary judgment in favor of the defendant Dade County School Board in a wrongful death action. We reverse.
The action below was brought by appellant Robert Brunson on behalf of his deceased son, Lagarian. Because of a need for speech therapy, Lagarian was transferred from his assigned school to a more distant school, Arcola Lake Elementary School. He attended during the summer session in 1986 and was transported to and from school by school bus.
In the fall of 1986 Mr. Brunson was directed to re-enroll Lagarian in Arcola Lake, but instead initially returned him to his original school. In October, 1986 Mr. Brunson was given directions for the use of public transportation so that he could take Lagarian to Arcola Lake to enroll him for fall term. On October 21 that was accomplished and a request was made for school bus transportation for Lagarian. Owing to a clerical error, the request was misrouted and school bus transportation was not provided.
For two weeks, Mr. Brunson, who did not drive, took Lagarian by public bus to the stop nearest Arcola Lake, and then walked with his son to the school. The public bus stop is located at a very busy metropolitan intersection. After two weeks, Mr. Brunson allowed Lagarian, then nine years old, to make the journey alone. While crossing the busy street, Lagarian was struck and killed by an automobile.
For purposes of the motion for summary judgment the school board agreed that it had a duty to provide public school bus transportation for Lagarian, and that it had breached that duty. The school board argued, however, that Mr. Brunson had failed to supervise his son by allowing him to travel to and from school across the busy intersection. The school board contended that this constituted an active and efficient intervening cause which relieves the school board of liability. See Perotta v. Tri-State Insurance Co., 317 So.2d 104 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 20 (1976). The trial court agreed and entered summary judgment for the school board.
We conclude that the summary judgment should not have been entered. Our court has held that failure to supervise a minor child can constitute an intervening cause which will preclude liability for negligence. *648 Perotta v. Tri-State Ins. Co.[1] In the present case, however, the facts do not in reality pose a question of intervening cause, but rather, one of comparative negligence.
The school board had specifically directed Mr. Brunson to transfer Lagarian to Arcola Lake. The transfer was effective immediately, and Mr. Brunson was directed to use public transportation for Lagarian until the school board commenced the school bus service which would take Lagarian to the school. Mr. Brunson conformed to the school board's instruction and used the public bus to transport Lagarian each day. Mr. Brunson testified that the school bus service did not materialize as promised, and that he complained about that two or three times during the two week period.
Mr. Brunson also testified that, during the two weeks, he instructed Lagarian on the proper method for crossing the busy intersection and how to observe the traffic signals. After travelling the identical route with Lagarian for two weeks, Mr. Brunson allowed Lagarian to ride the bus alone. If, as the school board contends, Lagarian was too young to make the trip unescorted, then that would constitute a jury question on the issue of comparative negligence. On this record it appears that Mr. Brunson was doing what the school board told him to do. Mr. Brunson's allegedly deficient conduct was "set in motion by the original wrongful act... ." and is not such a new and independent cause as to create an intervening cause. See Loftin v. McCrainie, 47 So.2d 298, 302 (Fla. 1950) (citation omitted); see also Stahl v. Metropolitan Dade County, 438 So.2d 14, 22-23 (Fla. 3d DCA 1983); Restatement (Second) of Torts §§ 442, 442(A) & (B) 443, 447 (1965).[2]
We therefore reverse and remand for further proceedings consistent herewith.
NOTES
[1] While Perotta was decided on the issue of intervening cause, from the opinion it does not appear that there was any negligence on the part of the defendant. Id.
[2] Even if this were properly viewed as a matter of intervening cause, we would nonetheless reverse. As was said in Stahl v. Metro. Dade County, "If an intervening cause is foreseeable the original negligent actor may still be held liable. The question of whether an intervening cause is foreseeable is [ordinarily] for the trier of fact." 438 So.2d at 20-21 (emphasis in original; citations omitted); see Nicosia v. Otis Elevator Co., 548 So.2d 854, 856 (Fla. 3d DCA 1989).