ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
Based on our thorough review of the record and the decisions cited in Appellants’ Motion for Rehearing or Clarification, we find no basis for rehearing. However, because Appellants alleged that the four decisions cited in the motion “are directly on point and require that a new trial be ordered in this case,” we believe it will be useful to clarify the basis of our per curiam affirmance 606 So.2d 1170, of the final judgment in favor of Appellee and of the denial of Appellant’s motion for a new trial.
This cause arose from injuries allegedly sustained by Appellant, Mr. Szilagyi, while a passenger in an elevator in a hotel owned and operated by Appellee North Florida Hotel Corporation, and serviced and maintained by Appellee United States Elevator Corporation, the third-party defendant. Mr. Szilagyi and his wife brought an action in negligence.
The pertinent language in the applicable statute governing elevators states:
The elevator owner shall be responsible for the safe operation and proper maintenance of the elevator after it has been inspected and a certificate of operation has been issued by the division. The responsibilities of the elevator owner may be assigned by lease.
Section 399.02(5)(b), Florida Statutes (1985). At the charge conference, Appellants received an instruction on section 399.02, that the elevator owner is responsible for the safe operation and proper maintenance of the elevator. Appellants requested an instruction that, pursuant to the statute, Ap-pellee was strictly liable for the safe operation and proper maintenance of the elevator, and that a violation of the statute is negligence per se or, alternatively, evidence of negligence. Appellants based their “negligence per se” request on the “shall” language in the statute. The trial court declined to give the requested standard instruction on either negligence per se or evidence of negligence. The jury was instructed on the doctrine of res ipsa loqui-tur, and the trial court defined “negligence” for the jury and paraphrased subsection (5)(b) for the jury in the context of the discussion of negligence.
Appellants argue that when an elevator’s operation causes injury to a passenger, it is reversible error to fail to give a negligence per se instruction. In Appellants’ first cited decision, Reliance Electric Co. v. Humphrey, 427 So.2d 214 (Fla. 4th DCA 1983) the district court held that a violation of section 399.02(5)(b) (then numbered (6)(b)), Florida Statutes (1981), constitutes negligence per se, and it approved the trial court’s instruction to that effect, finding:
An instruction that a violation of a given statute is negligence per se is appropriate in two circumstances: (1) when the statute is of the “strict liability” type, i.e., “designed to protect a particular class of persons from their inability to *1321 protect themselves, such as one prohibiting the sale of firearms to minors.” deJesus v. Seaboard Coastline Railroad, 281 So.2d 198, 201 (Fla.1973); and (2) when the statute “establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury.” Ibid, [additional citations omitted] [emph. in orig.]
Id. The Fourth District Court found that the statute “falls squarely within the second category.”' Id. Thus, Reliance Electric is on point if the evidence in the case sub judice demonstrated “a violation of the statute” by Appellee. Cf. Winemiller v. Feddish, 568 So.2d 483 (Fla. 4th DCA 1990) (where evidence showed the appellee was violating a municipal ordinance, the appellant was entitled to have the jury know of the violation of the ordinance, and failure to give the instruction was reversible error). Appellee submits that no such evidence of a statutory violation was presented at trial.
The second decision on which Appellants rely, Seaboard Coastline R.R. Co. v. Addison, 502 So.2d 1241 (Fla.1987), involved an alleged violation of a traffic control statute. The trial court refused to instruct the jury on the requirements of the statute, and the railroad asserted this was reversible error. Our court disagreed, but the Florida Supreme Court disapproved the reasoning underlying our opinion and held that the request for the standard jury instruction should have been granted. That instruction tracked the rule of law that “a violation of a traffic regulation is evidence of negligence.” Id. at 1242. The supreme court held:
When there is evidence of such a violation a party is entitled to a jury instruction thereon. This is simply a specific application of the equally established rule of law that a party is entitled to have the jury instructed upon his theory of the case when there is evidence to support the theory, [citation omitted]
Id. Accordingly, Addison is instructive when there is evidence to support the party’s theory of the case that a statutory violation occurred.
The facts in Appellants’ third case, Davis v. Otis Elevator Co., 515 So.2d 277 (5th DCA 1987), rev. den., 520 So.2d 585 (Fla.1988), bear similarities to the instant allegations. The plaintiff was injured when the employer/hospital’s elevator suddenly dropped 15 inches as he was exiting it. The elevator company was sued based on its alleged negligence in failing to maintain the elevator in accordance with the terms of a service contract with the hospital. The plaintiff’s expert testified that the bottom conductor switch was energized because something in the elevator unit was “broken or shorted out or grounded” and that with appropriate maintenance the system would not have failed. The plaintiff requested that section 399.02(6)(b) (now renumbered (5)(b)) and Jury Instruction 4.9 be read to the jury.
That instruction provided:
Violation of this statute is negligence. If you find that a person alleged to have been negligent violated this statute, such person was negligent. You should then determine whether such negligence was a legal cause of the injury complained of.
The trial court refused to give the jury instruction, and the issue on appeal was whether the failure to instruct constituted reversible error. The elevator company suggested that, even if error, it was harmless because the trial court had thoroughly instructed the jury on the elements of negligence. Citing deJesus and Addison, the Fifth District Court in Davis concluded that the failure to give the requested instruction was reversible error and required a new trial. Id. at 278. Significantly, although the expert was unable to pinpoint the exact cause of the overload, “the overload was the cause of the malfunction which would not have occurred but for the negligent maintenance of the elevator.” Id.
The fourth and final case on which Appellants rely is Nicosia v. Otis Elevator Co., 548 So.2d 854 (Fla. 3d DCA 1989), a negligence case based on injuries received after an elevator stalled. The plaintiffs appealed the granting of a directed verdict in favor of the defendant/building owner. *1322 The opinion notes that section 399.02(2), Florida Statutes (1987), adopted the Elevator Safety Code, one section of which states that it is the duty of the elevator owner to provide voice communication to the outside for anyone trapped in the elevator. The record showed that the telephone in the stalled elevator was out of service at the time of the elevator malfunction that injured Nicosia. For that reason, “it was error to direct a verdict for the building owner who was charged by section 399.02 with the responsibility to properly maintain the elevator and to provide outside voice communication.” Id. at 856.
Appellants’ suggestion to the contrary, we did not decide not to follow the above-cited precedents. Rather, we determined from the record before us that Appellants presented no evidence demonstrating a violation of section 399.02(5)(b). That distinguishes the case at bar from Reliance Electric, Addison, Davis and Nicosia. Cf. Sotuyo v. Williams, 587 So.2d 612, 614 (Fla. 1st DCA 1991) (plaintiff was entitled to have jury instructed on statutory violations, where record was replete with evidence of facts relating to circumstances surrounding the accident from which the jury could have inferred that violations of the statute had occurred).
Abundant testimony was presented concerning the mechanics of elevator operation generally, and the recent operational history of the elevator in which Appellants were riding on December 6, 1985. In particular, we reviewed the testimony of William Lam-precht, an elevator mechanic and former employee of United States Elevator Corporation, as well as William Hoelscher, an electrical engineer. Lamprecht opined as to why the elevator abruptly stopped between the fourth and fifth floors, and he indicáted that the system worked as the safety mechanism was designed to do: the electrical mechanical interlock engaged, the safety circuit broke, and the car shut down. He had made certain recommendations to the hotel management, not all of which suggestions were followed. Some door rollers were replaced as part of the routine maintenance procedures beginning in November 1985, and others had been replaced recently by the prior elevator servicing company. When Lamprecht was assigned to check on the elevators at the hotel, his inspections led him to conclude that they were safe.
Hoelscher opined that the ascending elevator probably decelerated suddenly rather than actually stopped, because of the interference of the moving elevator car with the fourth-floor door-locking mechanism, and that the system operated “exactly the way it was designed to” by shutting down completely. Ordinarily, the elevator car should not catch a door roller because the system is designed to have a clearance or tolerance. However, door rollers are replaced very frequently in accordance with normal maintenance procedures, as occurred here.
Appellants submit that Hoelscher’s testimony supports their allegations that Appel-lee was negligent in violation of section 399.02. After reviewing Hoelscher’s testimony, in particular the portions on which Appellants rely, we find that Hoelscher responded to a hypothetical situation where one is “not doing the maintenance properly.”
Q. And if you are not doing the maintenance properly and. you don’t catch the fact that a roller is bad, it catches the door and something happens like happened to the Szilagyis?
A. That is possible, yes.
In the ensuing testimony, Hoelscher testified that he believed the elevator was properly maintained.
That Mr. Szilagyi may have sustained injuries when the elevator’s speed changed does not, of itself, prove negligence on Appellee’s part. See Burns v. Otis Elevator Co., 550 So.2d 21 (Fla. 3d DCA1989) (reversing final summary judgment in favor of elevator owner/servicer in action for negligent maintenance, but noting that plaintiff/passenger must present sufficient evidence, beyond that of the accident alone, from which the jury may infer that the defendants’ breach of care caused the injury); Roffman v. Sears, Roebuck & Co., 522 So.2d 31 (4th DCA1987), rev. den., 531 So.2d 1354 (Fla.1988) (although the plaintiff *1323 sustained an injury in the store’s elevator, there was a failure to present evidence from which the jury could have concluded that the breaker would not have tripped but for the owner’s/servicer’s negligence, so the trial court did not err in refusing to give a res ipsa loquitur instruction); Otis Elevator Co. v. Chambliss, 511 So.2d 412 (Fla. 1st DCA 1987) (reversing final judgment against escalator owner/servicer, where injured plaintiff/passenger totally failed to carry initial burden of presenting evidence to show that negligence was the proximate cause of the escalator’s sudden stop); Lord v. J.B. Ivey & Co., 499 So.2d 12 (1st DCA1986), rev. den., 508 So.2d 15 (Fla.1987) (trial court did not err in directing verdict for department store on injured escalator passenger’s claim of direct negligence, because record contained no evidence to support that count of the complaint). An elevator is a “manufactured mechanical device” and, as such, its components may fall “out of adjustment despite good maintenance.” Black v. Montgomery Elevator Co., 581 So.2d 624, 627 (Fla. 5th DCA1991) (Cowart, J., concurring specialty)-
Three elements must be met to establish that the trial court’s failure to give Appellants’ requested jury instructions constituted reversible error:
1. The requested instruction accurately states the applicable law,
2. The facts in the case support giving the instruction, and
3. The instruction was necessary to allow the jury to properly resolve all issues in the case.
Riley v. Willis, 585 So.2d 1024, 1028 (Fla. 5th DCA 1991). We hold that the jury was adequately instructed based on the record, and that the trial court did not reversibly err in its decision on jury instructions or in its denial of Appellants’ motion for a new trial. Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940, 942 (3d DCA), rev. den., 511 So.2d 299 (Fla.1987); Bohannon v. Thomas, 592 So.2d 1246, 1247-48 (Fla. 4th DCA 1992) (appellate court will not set aside jury verdict merely because an instruction that might have been proper was not given; court must conclude that jury was misled by the instructions used); McCloud v. Sherman Mobile Concrete Co., 579 So.2d 773, 774 (Fla. 5th DCA 1991) (motion for new trial is properly denied where competent substantial evidence supports verdict, and ruling should not be disturbed except on a clear showing of an abuse of discretion).
AFFIRMED.
SHIVERS, ZEHMER and KAHN, JJ., concur.