787 So.2d 109 (2001)
GOLDEN SHORELINE LIMITED PARTNERSHIP, Appellant,
v.
Mary Jo McGOWAN and John McGowan, III; Margaret Zamora; Janet Burke and Richard Burke; Millar Elevator Service Company; and Justice Corporation, Appellees.
No. 2D00-4146.
District Court of Appeal of Florida, Second District.
April 18, 2001.
*110 Matthew R. Danahy and Michael S. Rywant, Tampa, for Appellant.
Justin C. Johnson and Joel R. Brown, St. Petersburg, for Appellees.
CASANUEVA, Acting Chief Judge.
Golden Shoreline Limited Partnership appeals a partial summary judgment holding it liable to Mr. and Mrs. McGowan and their co-plaintiffs based upon an alleged violation of section 399.02(5)(b), Florida Statutes (1993). We hold that partial final summary judgment was improperly entered and reverse.
On February 3, 1994, Mary Jo McGowan and seven of her co-workers boarded an elevator at the fourth floor of their office building, intending to descend to the ground floor. Unfortunately, however, the elevator dropped past that floor, struck bottom, and rebounded to the third floor. This accident was apparently not an isolated incident. The building's elevators reflected a history of recent malfunctions. Within the three days preceding the accident, the service company was called to address problems six times. The day before the accident, the elevator stuck between floors and trapped people inside. On the day of the accident three service calls were made, including one just hours prior to the incident.
Mrs. McGowan and others sued Golden Shoreline, the owner and operator of the elevator, for damages for personal injuries. Mr. McGowan joined the action and claimed damages from loss of consortium. In addition, the maintenance problems prompted the plaintiffs to sue Millar Elevator Service Company, which serviced the elevators, and the Justice Corporation, the building's property manager. In its answer Golden Shoreline denied the allegations and asserted a number of affirmative defenses, one of which was that the plaintiffs' injuries resulted from Millar's negligence.
The trial court held, in granting Mr. and Mrs. McGowan a partial summary judgment on liability, that section 399.02(5)(b) made Golden Shoreline strictly liable as well as negligent per se. That statute provided: "The elevator owner shall be *111 responsible for the safe operation and proper maintenance of the elevator after it has been inspected and a certificate of operation has been issued by the division.[1] The responsibilities of the elevator owner may be assigned by lease."
This statute undoubtedly imposed a duty upon Golden Shoreline, but the law recognizes two different types of negligence per se. The first involves statutes that impose strict liability upon its violators, usually in those circumstances where the statute is designed to protect a particular class of persons from their inability to protect themselves. The second type of negligence per se results from the violation of a statute that seeks to protect a particular class of persons from a particular injury by establishing the duty to take precautions to avoid that injury. deJesus v. Seaboard Coast Line R. Co., 281 So.2d 198 (Fla.1973).
We conclude that section 399.02(5)(b) established this second type of dutyto protect those using elevators from injury resulting from poor maintenance of the elevator. In reviewing whether a violation of the precursor statute to section 399.02(5)(b) would require a negligence per se instruction, the Fourth District held:
Elevators are commonplace. Indeed, in many buildings they provide the only reasonable mode of conveyance. Yet the passengersthe class of individuals for whom the statute was enactedhave no say in questions of maintenance, repair and other safety precautions. Thus, the task of making elevators safe necessarily falls upon the owner or agent who is in a position to undertake proper maintenance. The proper execution of this duty is of paramount importance. Consequently, it is consistent with the body of law cited above to hold that a violation of this statute constitutes negligence per se.

Reliance Elec. Co. v. Humphrey, 427 So.2d 214, 214-15 (Fla. 4th DCA 1983).
We, too, conclude that a violation of section 399.02(5)(b) constitutes negligence per se but not of the type that imposes strict liability. The mere fact that the elevator fell does not, of itself, establish negligence on the part of Golden Shoreline. Szilagyi v. North Florida Hotel Corp., 610 So.2d 1319 (Fla. 1st DCA 1992). In the first place, the plaintiffs must establish that Golden Shoreline actually violated the statute. See id. at 1321. Furthermore, as pointed out by the deJesus court, it would also remain for the plaintiffs to prove that they were "of the class the statute was intended to protect, that [they] suffered injury of the type the statute was designed to prevent, and that the violation of the statute was the proximate cause of [their] injury." 281 So.2d at 201.
Our examination of the record establishes that whether Golden Shoreline breached either of its statutory duties to operate the elevator safely and to maintain it properly is open to factual dispute. Under these circumstances, a summary judgment on liability was inappropriate.
Reversed and remanded.
SALCINES and STRINGER, JJ., concur.
NOTES
[1] Section 399.01(4), Florida Statutes (1993) defines Division to mean the Division of Hotels and Restaurants of the Department of Business and Professional Regulation.