PER CURIAM.
 

 Bonnie Greenberg (“Greenberg”) appeals from final judgments entered after a directed verdict for Schindler Elevator Corporation (“Schindler”) and Miami-Dade County (“the County”) in this personal injury action. We reverse.
 

 Greenberg sued Schindler and the County for injuries she received when she fell on an escalator at Miami International Airport. Greenberg claimed that the escalator stopped short causing her to fall. This escalator, which the County and Schindler
 
 *903
 
 owned and/or maintained, was reported as not working a few hours prior to Green-berg’s fall. Although there is a record of a technician having checked the escalator, there was no record of any work performed on the escalator.
 

 At trial, the court excluded evidence of various reports showing prior problems with the subject escalator, and denied Greenberg’s request for a jury instruction on negligence per se. Over Greenberg’s objection and motion for mistrial, the trial court permitted defense counsel to argue there was no evidence of prior problems with the escalator.
 

 Dr. Gart, a doctor specializing in physical medicine, rehabilitation, and pain management, testified on behalf of Greenberg. Although he is not a surgeon, Dr. Gart opined that Greenberg would require back surgery in the future. However, the trial court did not allow Dr. Gart to give his opinion regarding future surgery because he was not a surgeon.
 

 Both Schindler and the County moved for directed verdict at the end of Green-berg’s case. The trial court reserved ruling, and the trial proceeded. Thereafter, the jury returned a verdict in favor of Greenberg, apportioning 20% liability each to Schindler and the County. The trial court then entered directed verdicts, ruling there was insufficient evidence of negligence on the part of Schindler and the County. The trial court also denied Greenberg’s motion for new trial.
 

 On appeal, Greenberg asserts that the trial court erred in setting aside the jury verdict and directing a verdict for Schindler and the County, and in failing to grant a new trial. On the other hand, Schindler and the County contend that the trial court correctly directed a verdict in their favor because Greenberg failed to prove they were negligent. We agree with Green-berg.
 

 Turning first to the directed verdict, we review the trial court’s ruling de novo.
 
 See Banco Espirito Santo Int’l, Ltd. v. BDO Int’l, B.V.,
 
 979 So.2d 1030, 1032 (Fla. 3d DCA 2008). We consider the evidence, and all inferences which may be made from the evidence, in the light most favorable to Greenberg, as the non-moving party. 979 So.2d at 1032. Only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party may a trial court enter a directed verdict. 979 So.2d at 1032.
 

 Here, Greenberg presented evidence showing that the County and Schindler were notified that the subject escalator stopped running earlier on the day of Greenberg’s fall. There was no evidence that any work was performed on the escalator. From this, the jury could reasonably infer that the County and Schindler negligently failed to examine the escalator to determine what was causing it to stop running, and to correct the problem. Greenberg’s fall was a direct result of the escalator’s sudden stop. Thus, since Greenberg presented evidence of negligence, the trial court erred in entering a directed verdict in favor of the County and Schindler.
 

 Next, we consider the trial court’s denial of the motion for new trial. First, the trial court erred in not giving the jury instruction on negligence per se. The plaintiff was entitled to that instruction as to the County.
 
 See Nicosia v. Otis Elevator Co.,
 
 548 So.2d 854, 855 (Fla. 3d DCA 1989).
 

 Second, the trial court erred in overruling Greenberg’s objection to defense counsel closing argument. Defense counsel should not have been allowed to argue there was no evidence of prior problems with the subject escalator after the trial court excluded such evidence. It is
 
 *904
 
 improper argument for defense counsel to obtain exclusion of evidence and then in closing argument criticize the plaintiff for failing to produce that very evidence.
 
 Hernandez v. Home Depot U.S.A., Inc.,
 
 695 So.2d 484, 485-86 (Fla. 3d DCA 1997).
 

 Finally, the trial court erred in excluding Dr. Gart’s opinion regarding future surgery. Dr. Gart testified that in his practice he normally refers patients for surgery. Moreover, Dr. Gart was a treating physician and, as such, he was a fact witness, not an expert witness. Therefore, he did not need to be an expert back surgeon in order to testify to his belief that Greenberg would need surgery in the future. The nature and extent of Dr. Gart’s expertise was a proper subject for cross-examination, not for determining whether he could testify.
 

 For these reasons, the trial court erred in denying Greenberg’s motion for new trial. Accordingly, we reverse the judgment entered on the directed verdict, and remand for a new trial.
 

 Reversed and remanded for new trial.