# Third District Court of Appeal

## State of Florida

Opinion filed November 17, 2021.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-0074
Lower Tribunal Nos. 11-7134 SP & 19-336 AP

————————————

## United Automobile Insurance Company,
Appellant,

vs.

## Presgar Imaging of CMI South, L.C., d/b/a CMI South, a/a/o Orlando Duenas,
Appellee.

An Appeal from the County Court for Miami-Dade County, Linda Diaz, Judge.

Michael J. Neimand, for appellant.

George A. David, P.A., and George A. David, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

LOBREE, J.

United Automobile Insurance Company ("United Auto") appeals a final

judgment entered on a directed verdict in favor of plaintiff Presgar Imaging of CMI South, L.C. ("CMI") in this breach of contract for personal injury protection insurance benefits action. We reverse for judgment to be entered in favor of United.

Viewing the evidence in the light most favorable to United Auto, as we must, Greenberg v. Schindler Elevator Corp., 47 So. 3d 901, 903 (Fla. 3d DCA 2010), we conclude that the trial court erred in entering a directed verdict in favor of CMI based on its finding that United Auto's corporate representative "stipulated" in her deposition, with which she was confronted at trial, that the charges billed by CMI were related and medically necessary. The deposition testimony at issue was not a clear and unambiguous statement that United Auto did not contest that the charges were related and medically necessary such that it constituted an enforceable stipulation. See U.S. Bank Nat'l Ass'n v. Rios, 166 So. 3d 202, 209 (Fla. 2d DCA 2015). Instead, the testimony is properly viewed as impeachment testimony. Hawn v. State, 300 So. 3d 238, 242 (Fla. 4th DCA 2020) ("[I]ntroduction of a prior statement that is inconsistent with a witness's present testimony is . . . one of the main ways to attack the credibility of a witness." (quoting Pearce v. State, 880 So. 2d 561, 569 (Fla. 2004))). It is well established, however, that a witness's credibility and the weight of the evidence cannot be considered

on a motion for directed verdict. Ranger v. Avis Rent-A-Car Sys., Inc., 336 So. 2d 467, 468 (Fla. 3d DCA 1976). Thus, the trial court erred in entering directed verdict in favor of CMI on this basis. Additionally, the record reflects that CMI did not present any evidence that its charges were related and medically necessary. See United Auto. Ins. Co. v. NB Sports Massage & Rehab. Corp., 46 Fla. L. Weekly D1709, D1710 n.2 (Fla. 3d DCA July 28, 2021) ("To be entitled to benefits under a PIP policy of insurance, it must be shown that the charges billed are reasonable, related, and medically necessary."). United Auto's motion for directed verdict should therefore have been granted. Meruelo v. Mark Andrew of Palm Beaches, Ltd., 12 So. 3d 247, 250 (Fla. 4th DCA 2009) ("A trial court should grant a motion for directed verdict when the evidence, viewed in the light most favorable to the non-moving party, shows that a jury could not reasonably differ about the existence of a material fact and the movant is entitled to judgment as a matter of law."). Accordingly, the judgment entered favor of CMI is reversed and remanded with directions to enter judgment for United Auto.[1]

---

[1] We note that the trial court considered materials beyond those presented to the jury when it directed verdict in favor of CMI. A motion for directed verdict, however, properly tests the legal sufficiency of the evidence presented to the jury. See Suggs v. Allen, 563 So. 2d 1132, 1133 (Fla. 1st DCA 1990) (explaining that while summary judgment is pretrial mechanism that considers pleadings, depositions, and other evidence in file, "[b]y contrast, a directed verdict is the means by which the sufficiency of the

Reversed and remanded with directions.

---

evidence already adduced at trial is tested”); <u>Fish Carburetor Corp. v. Great Am. Ins. Co.</u>, 125 So. 2d 889, 892 (Fla. 1st DCA 1961) (stating that had the trial court ruled on motion for directed verdict, “his consideration would have been confined exclusively to the evidence adduced by plaintiff during the presentation of its case in chief”).