281 So.2d 198 (1973)
Pedro Nieves deJESUS, Petitioner,
v.
SEABOARD COAST LINE RAILROAD COMPANY, a Foreign Corporation and Charles J. Peckham, Respondents.
No. 42870.
Supreme Court of Florida.
June 6, 1973.
Rehearing Denied August 31, 1973.
*199 W. Robert Mann, of Mann, Fay & Price, Brandenton, for petitioner.
Ralph C. Dell and Michael N. Brown, of Allen, Dell, Frank & Trinkle, Tampa, for respondents.
CARLTON, Chief Justice:
We have for review a decision of the District Court of Appeal, Second District, which passed upon a question certified by that court to be of great public interest. We also have jurisdiction because of the conflict between the decision of the District Court, reported at 266 So.2d 108, and our decision in Hoskins v. Jackson Grain Co., 63 So.2d 514 (Fla. 1953). See Article V, Section 3(b)(3), Fla. Const., F.S.A.
Petitioner, Pedro Nieves deJesus, was driving his car on a dark night, with his wife as a passenger, when he collided with a tank car of respondent railroad. The black, unlighted tank car was stationary at the time of the accident and was straddling the road upon which deJesus was driving. The tank car was part of a long train which was temporarily "parked", its engine being several hundred feet down the track from the unlighted highway crossing. DeJesus and his wife brought this negligence action against the railroad, with the railroad defending on the ground that deJesus was contributorily negligent. The jury returned a verdict for Mr. and Mrs. deJesus.
One of the instructions to the jury concerned an alleged violation by the railroad *200 of Fla. Stat. § 357.08, F.S.A. This statute provides:
"(1) Whenever a railroad train shall engage in a switching operation or stop so as to block a public highway, road or street at any time from one half hour after sunset to one half hour before sunrise, the crew of such railroad train shall cause to be placed a lighted fusee or other visual warning device in both directions from such railroad train upon or at the edge of the pavement of the highway, road or street to warn approaching motorists of the railroad train blocking the highway, road or street; provided, this section shall not apply to railroad crossings at which there are automatic warning devices properly functioning or at which there is adequate lighting."
The statute also makes any violation of its provisions a misdemeanor.
The trial judge instructed the jury that "the violation of this statute is negligence. If you find that the Defendants violated this statute, they were negligent. You should then determine whether such negligence was a legal cause of the injury or damages complained of... ." The judge also gave appropriate instructions on contributory negligence and causation. On appeal, the District Court held that the giving of the "negligence per se" instruction was error. The Court reversed and remanded, but certified to us the following question:
"Is the violation of a statute or ordinance, other than those specifically adopted for the purpose of establishing a stricter duty of care, negligence per se or evidence of negligence in a civil action."
The law of the State of Florida on violations of statutes as negligence per se is hardly crystal-clear. The confusion is typified by the following statement (or misstatement, grammatically) made by the Second District Court in an earlier case which, in the opinion now before us, the Court attempted to explain or, in the alternative, to disown:
"While there is a division of authority on the question of whether or not violation of a penal ordinance is negligence per se, this jurisdiction follows the weight of authority in holding that except as to penal ordinances and statutes other than those involving traffic, such is negligence per se. .. ." Richardson v. Fountain, 154 So.2d 709, 711 (2d D.C.A.Fla. 1963).
To avoid any further confusion, we must clarify the question certified to us in this case. The District Court held that a violation of the statute involved herein is not negligence per se, but it seems clear to us that the statute fits the exception in the certified question of those "specifically adopted for the purpose of establishing a stricter duty of care." From the Court's reference to its decision in another case decided on the same day as this one (Baldridge v. Hatcher, Fla.App., 266 So.2d 112), it seems that the exception was meant to encompass statutes which establish a standard akin to strict liability. We have considered violations of this more serious, strict-liability type of statute to be negligence per se and have held that even contributory negligence is not a defense to such negligence, as in, e.g., Tamiami Gun Shop v. Klein, 116 So.2d 421 (Fla. 1959). That, however, is not the only type of statute a violation of which we have held to be negligence per se.
In Hoskins v. Jackson Grain Co., supra, for example, we held that violation of a statute regulating the labeling of seed offered for sale constituted negligence per se, stating:
"Where one violates a penal statute imposing upon him a duty designed to protect another, he is negligent as a matter of law, therefore, responsible for such damage as is proximately caused by his negligence. .. ."
A violation of any statute, however, is not necessarily negligence per se; for *201 some, a violation may be only evidence of negligence. The question certified, therefore, cannot be answered as it is posed (taking the "other than ..." clause as it was intended). Violations of statutes, other than those imposing a form of strict liability, may be either negligence per se or evidence of negligence.
The "strict liability" statutes to which we have been referring are the type designed to protect a particular class of persons from their inability to protect themselves, such as one prohibiting the sale of firearms to minors. Tamiami Gun Shop v. Klein, supra. A violation of this type of statute is, of course, negligence per se.
Also negligence per se is a violation of any other statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury. See 65 C.J.S. Negligence § 19(3). As held by this District Court in its Richardson opinion, contributory negligence is a defense to negligence based on a violation of this type of statute. Also, as the Court pointed out in the decision now under review, the fact of negligence per se resulting from a violation of this type of statute does not necessarily mean there is actionable negligence. It must also be established by a plaintiff that he is of the class the statute was intended to protect, that he suffered injury of the type the statute was designed to prevent, and that the violation of the statute was the proximate cause of his injury.
Violation of any other type of statute may be considered only as prima facie evidence of negligence. In this category also fall violations of traffic regulations, which this Court has consistently distinguished from other penal statutes and ordinances. E.g., Allen v. Hooper, 126 Fla. 458, 171 So. 513 (1937). Of course, the distinction must be made again between actual negligence and other elements of actionable negligence. Proof of violation of a traffic ordinance is prima facie evidence only of "negligence"; proximate cause and other elements of actionable negligence must be proven independently.
The statute involved in the case sub judice imposes upon a railroad a duty to protect automobile drivers and their passengers from colliding with unlighted trains blocking highways at night at unlighted crossings. The violation of this statute, although not one of "strict liability," was negligence per se, and the District Court is reversed in its holding to the contrary. The certified question having been answered in full, this cause is returned to the District Court with directions to reinstate the judgment of the trial court.
It is so ordered.
ROBERTS, ERVIN, McCAIN and DEKLE, JJ., concur.