RAWLS, Chief Judge.
Appellant appeals from a final order dismissing his complaint with prejudice. The sole justiciable point on appeal is: does an allegation that a boat manufacturer violated Florida Statute 371.60, F.S.A. state a prima facie case of negligence.
By his amended complaint and stipulation for amendment of amended complaint, appellee-administrator basically alleged that James L. Duncan drowned as a result of a boat sinking which was manufactured by appellee. Other material allegations were: 1) the boat manufactured by defendant-appellee did not comply with F. S. § 371.60, F.S.A. in that it did not have attached to it a plate stating the recommended number of persons or maximum weight load consistent with the safe operation of the vessel; 2) the boat was manufactured by defendant and sold to a retailer within the State of Florida subsequent to the enactment of the cited statute; 3) defendant, prior to the sale of the boat, had made a determination that the boat had the capability of safely carrying only two passengers and of being powered by no more than a 7.5 horsepower outboard motor; 4) the defendant did not provide any warning plate affixed to said boat indicating the safety limitations on said boat; 5) the defendant arbitrarily and systematically refused to comply with the safety statute; 6) James L. Duncan and two other passengers occupied said boat which was powered by a 9.5 horsepower outboard motor; 7) as a proximate result of being thrown into the water as a result of defendant’s negligence, James L. Duncan suffered pain and mental anguish and died from drowning.
Florida Statute 371.60 provides:
“371.60 Maximum safety load plate attached. — All vessels sold in Florida shall have attached thereto a plate stating the recommended number of persons or maximum weight load consistent with safe operation of the vessel. This shall not apply to resales but it is the intent of this section to require manufacturers to furnish this information upon the original sale.”
Appellee contends and apparently the trial court agreed that the exclusionary provision of the statute, viz: “This shall not apply to resales but it is the intent of this section to require manufacturers to furnish this information upon the original sale”, excludes appellant because the complaint fails to allege that the boat involved in the instant suit was owned by the original owner.
To construe the statute as contended by appellee would render the legislation meaningless.[1] The general commerce in the sales of boats is transacted through retailers, thus all sales by a retailer are “resales”, and only a consumer purchasing directly from a manufacturer would be protected. We reject any such construction. We construe the statutory provision to mean that the legislature mandated all boat manufacturers who sell boats in Florida SHALL attach the requisite plate on each boat, and that such provision is for the protection of anyone lawfully using such boats. The exclusionary provision, although very poorly worded, relieves anyone other than a manufacturer from the statutorily imposed duty.
The trial judge was correct in dismissing those allegations contained and proffered in the subject complaint as to negligent design.
*384 The order appealed is reversed with directions to reinstate the complaint as same alleged a cause of action predicated upon Florida Statute 371.60, F.S.A.
Reversed and remanded.
SPECTOR and JOHNSON, JJ., concur.

. George v. State, 203 So.2d 173 (2 Fla.App.1967).