330 So.2d 843 (1976)
J. I. DUNCAN, As Administrator of the Estate of James L. Duncan, Deceased, Appellant (Plaintiff),
v.
MONARK BOAT COMPANY, INC., a Corporation, Appellee (Defendant).
No. X-393.
District Court of Appeal of Florida, First District.
May 5, 1976.
*844 John M. Green, Jr., Green, Simmons, Green & Hightower, Ocala, and Keith Myers, Hollis, Okl., for appellant.
Barry D. Graves, Jones & Ritch, Gainesville, for appellee.
MILLS, Judge.
The plaintiff appeals from an adverse final summary judgment entered in a wrongful death case. The issue here is whether the trial court erred in entering the judgment.
Plaintiff seeks damages for the death of its decedent when a boat manufactured by the defendant sank, and the decedent, who was an occupant of the boat, drowned.
This case has been here before. In Duncan v. Monark Boat Co., Inc., 281 So.2d 382 (Fla.App.1st, 1973), we reversed the trial court on its dismissal of a count of plaintiff's complaint which charges the defendant with violation of Section 371.60, Florida Statutes. This statute requires that manufacturers of boats attach a plate on them stating the recommended number of persons or maximum weight load consistent with their safe operation. We directed reinstatement of this count of the complaint.
After remand, the trial court granted the defendant's motion for summary judgment. The defendant stipulated that it violated the statute. In his brief, the plaintiff admits that the boat was overloaded when it sank. The defendant contends there is no causal relationship between the defendant's violation of the statute and the decedent's death, or that violation of the statute was not the proximate cause of the decedent's death.
The defendant presented evidence that the overloading of the boat was brought to the attention of the decedent, nevertheless, he proceeded into the lake with water coming in over the bow. When the decedent increased the speed of the boat, its bow went under the water and it sank.
The defendant argues that because the overloading of the boat was brought to the attention of the decedent, the presence of the required plate on the boat would have added nothing. The plaintiff argues that violation of the statute is negligence per se, and that the purpose of the plate is to warn persons who are unfamiliar with loading capacities.
Although the violation of the statute before us is negligence per se, it does not necessarily mean there is actionable negligence. The plaintiff must establish that the violation of the statute was the proximate cause of its decedent's death. deJesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198 (Fla. 1973). Under the facts in this case, this the plaintiff failed to do. The decedent saw that the boat was overloaded. The presence of the plate required by the statute would not have helped. Nor would it have served its purpose. There is no material issue of fact concerning proximate cause and the defendant is entitled to judgment as a matter of law.
We affirm the judgment.
*845 McCORD, Acting C.J., concurs specially.
SMITH, J., dissents.
McCORD, Judge (concurring specially).
I agree with the opinion of Judge Mills. The statutory requirement that a plate be attached to the boat stating the recommended number of persons or maximum weight load consistent with its safe operation was for the sole purpose of warning against boat overloading. The boat was operated by decedent and occupied by Japhet and Camp. It also carried numerous supplies. The decedent operator Duncan was specifically warned by Japhet before he shoved off in the boat that it was overloaded, but Duncan told Japhet to go ahead and get in. When the boat shoved off, the water was choppy and the boat had only six inches of freeboard above the water line. When water began to ship over the bow, Duncan was told to slow down, but instead he speeded up and the boat nose-dived under the water. It is obvious that the lack of the warning plate attached to the boat did not in any way contribute to this accident. The sole proximate cause was Duncan's negligence.
SMITH, Judge (dissenting):
Both Monark and the decedent Duncan, operator of the boat, could be found by a jury to have been negligent. In my view, a jury could also conclude from the evidence that Monark's negligence was a causative factor not made remote by Duncan's conduct. If one of Duncan's passengers had drowned, it would be difficult to say as a matter of law that Monark's negligence was remote. Given comparative negligence as a means of allocating responsibility for the loss of Duncan's life, the causation question is the same in this case. Furthermore, I cannot equate the knowledge attributed to Duncan by the warning of a sixteen year-old boy with the more significant notice which the statute required of Monark. I would reverse the judgment and submit the case to a jury.