347 So.2d 826 (1977)
Birdie DORSETT, Appellant,
v.
Lawrence Roger DION, Sr., and Lawrence Roger Dion, Jr., Appellees.
No. 76-1028.
District Court of Appeal of Florida, Third District.
July 6, 1977.
*827 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and W. Sam Holland, Miami, for appellant.
Edward B. Johnson, Jr., Key West, for appellees.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
The plaintiff appeals a final judgment upon a jury verdict and assigns as error the denial of her motion for a new trial which was predicated upon an alleged inadequate verdict. The cause was an automobile negligence action tried under the theory of comparative negligence. We affirm.
The only point requiring discussion here is appellant's contention that the trial court erred in allowing evidence that the plaintiff was illegally driving with a learner's permit at the time of the accident. She relies upon the holding of this court in Goldner v. Lentin, 96 So.2d 553 (Fla. 3d DCA 1957), for reversible error. In that case, the court held that the refusal of a trial court to admit into evidence that the driver of a motor scooter was operating the scooter under a restricted driver's license was not error where there was no causal connection between the collision and the fact that the operator of the scooter was operating the scooter under a restricted driver's license. In the present case, the trial court admitted the evidence upon his determination that it was relevant and that it could be found to have causal connection. We think that the trial judge was right in each instance. In this case, it is clear that there was no contact between plaintiff's automobile and defendant's automobile and that the plaintiff's injury may well have resulted from her own inexperience and her inability to handle her own car.
Affirmed.