ERVIN, Judge.
In this personal injury action, Boles, the plaintiff/appellant, contests two evidentia-ry rulings made by the trial court at the jury trial and the cross-appellant/defendant contests yet another ruling. We reverse as to the appellants’ first point and affirm on both the second point as well as the point on cross-appeal.
The appellants first argue that the trial court erred in excluding evidence revealing that the appellee had a learner’s permit or restricted license at the time the two-car vehicular accident occurred and that the appellee was driving in violation of specific restrictions placed on him as a holder of such a permit by Florida law. See Section 322.16, Florida Statutes (1979).[1]
*281 The appellee counters by arguing that the trial court was correct in rejecting the proffered evidence because the violation of the license restrictions could not be causally connected to the traffic accident, citing to a trio of cases from the Third District Court of Appeal: Goldner v. Lentin, 96 So.2d 553 (Fla. 3d DCA 1957); Dorsett v. Dion, 347 So.2d 826 (Fla. 3d DCA 1977); Corbett v. Seaboard Coastline Railroad Co., 375 So.2d 34 (Fla. 3d DCA 1979).
We do not need to reach the issue whether the record supports such a causal connection as we feel the causation predicate established by the Third District Court of Appeal directly conflicts with de Jesus v. Seaboard Coast Line Railroad, 281 So.2d 198 (Fla.1973). de Jesus discusses the eviden-tiary value of violations of criminal statutes in civil cases and divides those violations into three categories. The first category consists of “strict liability” statutes which are “designed to protect a particular class of persons from their inability to protect themselves .. . . ” 281 So.2d at 201. The court held that a violation of this type of statute was negligence per se.
The second category consists of “violation[s] of any other statute which establishes a duty to take precautions to protect a particular class of persons from a particular type of injury.” Id. The court held that a violation of this type of statute was also negligence per se but it did “not necessarily mean that there [was] actionable negligence.” Id. (Emphasis in original.) The court also required a plaintiff to establish that he is of the class the statute was designed to protect, and that the violation of the statute was the proximate cause of his injury. Id.
The court lumped the remaining statutory violations together, stating that such violations “may be considered only as prima facie evidence of negligence.” Id. It observed that violations of traffic regulations fall within this category. Finally, the court drew a distinction between actual negligence and other elements of actionable negligence, observing: “Proof of a violation of a traffic ordinance is prima facie evidence only of ‘negligence’; proximate cause and other elements of actionable negligence must be proven independently.” Id. (e. s.) Thus, the causation predicate imposed by Goldner, Dorsett and Corbett have absolutely nothing to do with the issue of admissibility of the violation of Section 322.16(4),[2] which only goes to the issue of actual negligence, including only the elements of duty and breach of duty.[3] Prosser, Law of Torts, § 30, p. 144 (4th ed. 1971). Of course, the plaintiff would still be required at trial to establish independently causation and damages with other evidence.
Perhaps part of the confusion in the law stems from the fact that prior to de Jesus, the negligence per se doctrine was confused with actionable negligence. See 23 FlaJur., Negligence, § 69 (1959). Nevertheless, the question of admissibility of the evidence to prove a prima facie case of “negligence” is a separate issue from the jury question as to whether causation or actionable negligence actually exists. As we stated in Love v. Adams, 194 So.2d 55, 58 (Fla. 1st DCA 1967):
[PJrima facie evidence of negligence arising from the violation of a statute or *282 ordinance may be overcome by proof of showing the violator to be free of negligence. Furthermore, such negligence arising from the violation of the city ordinance would be wholly immaterial unless it was found by the jury to be proximate or contributing cause of the plaintiff’s injuries.
(e. s.) Accord, Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1977).
As to the first point, we hold that the trial court erred in refusing to admit evidence concerning the appellee’s violations of the license restrictions. Because the case was tried under a theory of comparative negligence, we conclude that the error was harmful.
As to the second point, we agree that the trial court was within its discretion in refusing to allow the appellant to give a lay opinion on the rate of speed appellee’s vehicle was traveling. See Hill v. Sadler, 186 So.2d 52 (Fla. 2d DCA 1966).
The point raised on cross-appeal is controlled by State v. Mitchell, 245 So.2d 618 (Fla.1971) and Elder v. Ackerman, 362 So.2d 999 (Fla. 4th DCA 1978).
Reversed and remanded for a new trial.
WENTWORTH and JOANOS, JJ., concur.

. That section provides:
(l)(a) The department, upon issuing an operator’s or chauffeur’s license, shall have authority whenever good cause appears, to impose restrictions suitable to the licensee’s driving ability with respect to the type or special mechanical control devices required
on a motor vehicle which the licensee may operate, or such other restrictions applicable to the licensee as the department may determine to be appropriate to assure the safe operation of a motor vehicle by the licensee.

*281 (4) It is a misdemeanor of the second degree, punishable as provided in S. 775.082 or S. 775.083, for any person to operate a motor vehicle in any manner in violation of the restrictions imposed in a restricted license issued to him.

. We consider that section a type of traffic regulation.

. A great deal of confusion surrounds the meaning of the word “negligence.” As Prosser points out, negligence is simply a type of conduct, “[b]ut a cause of action founded upon negligence, from which liability will follow, requires more than conduct.” Prosser, Law of Torts, § 30, p. 144 (4th ed. 1971). “Negligent conduct in itself is not such an interference with the interests of the world at large that there is any right to complain of it, or to be free from it, except in the case of some individual whose interests have suffered.” Id. Prosser also notes that the effect of the negligence per se rule “is to stamp the defendant’s conduct as negligence, with all of the effects of common law negligence, but with no greater effect. There will still remain open such questions as the causal relation between the violation and the harm to the plaintiff.” Id. § 36, pp. 200, 201.