576 So.2d 404 (1991)
Mary L. GABRIEL, Appellant,
v.
Winston M. TRIPP, Jr., Appellee.
No. 90-01861.
District Court of Appeal of Florida, Second District.
March 15, 1991.
Nancy K. Donnellan of de Manio & Young, P.A., Sarasota, for appellant.
J. Emory Wood of Law Offices of J. Emory Wood, Tampa, and Russell L. Cheatham, St. Petersburg, for appellee.
HALL, Judge.
The appellant, Mary Gabriel, challenges the order dismissing her complaint with prejudice for failure to state causes of action for negligence, battery, fraudulent concealment, and intentional infliction of emotional distress based on her allegation that she contracted genital herpes simplex after engaging in sexual intercourse with the appellee, Winston Tripp, Jr. We affirm the trial court's order with respect to all of the counts alleged, except the negligence count.
Gabriel contends that this court should find that a cause of action sounding in tort is cognizable in Florida based on the transmission of genital herpes simplex, because section 384.34, Florida Statutes (1989), which makes it a first-degree misdemeanor to transmit a sexually transmissible disease, is a statute designed to protect a particular class of persons and violation of that statute therefore constitutes negligence per se. DeJesus v. Seaboard Coast Line Railroad, 281 So.2d 198 (Fla. 1973). We agree such a negligence cause of action is cognizable in Florida, but we disagree that the violation of section 384.34 constitutes negligence per se.
*405 It is well-established that violations of statutes designed to protect a particular class of persons from a particular injury or type of injury or violations of statutes designed to protect a particular class of persons from their inability to protect themselves constitute negligence per se. DeJesus, 281 So.2d at 201. Violations of all other statutes, i.e., statutes designed to protect the public in general, are only considered prima facie evidence of negligence. Id.
Section 384.34(1) provides that violation of section 384.24 constitutes a first-degree misdemeanor. Section 384.24 makes it unlawful to knowingly transmit a sexually transmissible disease. Although these statutes are designed to protect against a particular type of injury, the following pertinent part of the legislature's declaration of intent with regard to chapter 384 reveals that these statutes are not designed to protect a particular class of persons, but rather the public in general:
The Legislature finds and declares that sexually transmissible diseases constitute a serious and sometimes fatal threat to the public and individual health and welfare of the people of the state and to visitors of the state. The Legislature finds that the incidence of sexually transmissible diseases is rising at an alarming rate and that these diseases result in significant social, health, and economic costs, including infant and maternal mortality, temporary and lifelong disability, and premature death.
§ 384.22, Fla. Stat. (1989).
Thus, we find that if a plaintiff is able to file a complaint that tracks section 384.24, that plaintiff will have presented prima facie evidence of negligence, not absolute proof of negligence. In other words, in order to state a cognizable cause of action for negligent transmission of a sexually transmissible disease, a plaintiff must allege that the defendant knew he or she was infected with one of the sexually transmissible diseases enumerated in section 384.24, that the defendant had been informed that said disease could be communicated through sexual intercourse, and that the defendant had sexual intercourse with the plaintiff without informing the plaintiff of the presence of the disease and without securing the plaintiff's consent to sexual intercourse under such circumstances. Of course, if the defendant establishes that the plaintiff was engaged in an illegal act at the time he or she contracted the disease, this will bar any recovery.
Since Gabriel's complaint fails to set forth the allegations necessary to track section 384.24, Florida Statutes (1989), it does not state a cognizable cause of action. However, in view of our holding and the fact that this is a case of first impression, we find that Gabriel should be given an opportunity to amend the negligence count of her complaint. In order for the amended complaint to be viable and not subject to dismissal, it must include the specific elements that we have previously set forth.
Accordingly, with regard to count I of Gabriel's complaint, we reverse the order of dismissal with prejudice and remand this cause with directions consistent with this opinion.
Reversed in part and remanded.
SCHOONOVER, C.J., and SCHEB, J., concur.