LAWRENCE, Judge.
Samuel B. Powell (Powell) was injured while riding his motorcycle on an allegedly defective sidewalk, on August 30, 1989, in Okaloosa County. The sidewalk is maintained by the Florida Department of Transportation (DOT). Powell’s complaint alleges that he was on the sidewalk “to give emergency assistance.” The trial judge granted DOT’s motion for summary judgment, holding that DOT owed no duty to Powell, and that Powell’s sidewalk-riding in violation of a statute[1] was unforeseeable. Powell appeals.
We agree that DOT owed no duty to Powell and therefore summary judgment was proper. “Duty” is an essential element of any negligence action; the presence or absence of duty is a legal question. See McCain v. Florida Power Corp., 593 So.2d 500, 502 (Fla.1992) (duty is a “minimal threshold legal requirement for opening the courthouse doors”). This court has observed: “If no reasonable duty has been abrogated, no negligence can be found. A person is not required to take measures to avoid a danger which the circumstances as known to him do not suggest as likely to happen.” Cassel v. Price, 396 So.2d 258, 264 (Fla. 1st DCA) (citation omitted), review denied, 407 So.2d 1102 (Fla.1981).
DOT had no duty to foresee, as likely to happen, the use of a sidewalk by a motorcyclist. The trial judge correctly determined that because DOT owed no duty to make *1009 sidewalks safe for motorcycle traffic, no cause of action existed as a matter of law.
We therefore affirm the trial court.
SMITH and KAHN, JJ., concur.

. 316.1995, Fla.Stat. (1989).