680 So.2d 617 (1996)
Edward PERIERA, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, Appellee.
No. 95-2390.
District Court of Appeal of Florida, Fourth District.
October 9, 1996.
Scott A. Mager and Carl F. Schoeppl of Mager & Associates, P.A., Fort Lauderdale, for appellant.
*618 Cheryl Kempf, North Palm Beach, for appellee.
KLEIN, Judge.
Plaintiff was riding a motorcycle on a bike path at night, when he struck a guy wire of an FP & L pole and was injured. The trial court granted FP & L's motion for summary judgment, reasoning that because operating a motorcycle on a bike path is prohibited by statute, FP & L had no duty to plaintiff. We reverse.
We initially dispose of plaintiff's argument raised in his first point, which is that the summary judgment was premature because discovery had not been completed, an argument we see all too often. As the court said in DeMesme v. Stephenson, 498 So.2d 673, 676 (Fla. 1st DCA 1986):
In order to be entitled to a continuance under Fla.R.Civ.P. 1.150(f) the party opposing the motion for summary judgment should show by affidavit the existence and availability of additional evidentiary matter, what it is and its materiality, what steps have been taken to obtain it, and that failure to have obtained such evidence sooner did not result from inexcusable delay.
As sometimes occurs in cases of difficult liability (in addition to violating the statute, plaintiff was DUI and had no light on his motorcycle), little was done to move this case along during the more than three years between the filing of the law suit and the motion for summary judgment. The outstanding discovery about which plaintiff complains was not initiated until three days before the summary judgment hearing. The trial court did not, therefore, err in refusing to continue the summary judgment hearing.
In concluding that FP & L had no duty to plaintiff because motorcyclists are prohibited by statute from driving on a bike path or sidewalk, the trial court relied on Powell v. Florida Department of Transportation, 626 So.2d 1008 (Fla. 1st DCA 1993), rev. denied, 639 So.2d 980 (Fla.1994). In Powell plaintiff sued the DOT as a result of being injured while riding his motorcycle on a defective sidewalk maintained by the DOT. Citing the same statute as is involved in this case, section 316.1995 Florida Statutes (1987), which prohibits motorized vehicles on bike paths or sidewalks, the first district affirmed a summary judgment in favor of the DOT, stating that the DOT "owed no duty to make sidewalks safe for motorcycle traffic." Id. at 1008-09. We disagree with Powell.

A violation of this statute, part of our traffic code, is prima facie evidence of negligence, not negligence per se. deJesus v. Seaboard Coast Line R.R., 281 So.2d 198 (Fla.1973). And, although plaintiff's violation of the statute may be evidence of his negligence, FP & L would still have to show that the violation of the statute was a proximate cause of the injury. Id. So far as this record shows, FP & L's guy wire was of much as a hazard to bicyclists, who were lawfully on the bike path, as to motorcyclists, who were not. We therefore conclude that the statute does not relieve FP & L of a duty as a matter of law.
In City of Tamarac v. Garchar, 398 So.2d 889 (Fla. 4th DCA 1981), overruled on other grounds, Seaboard Coastline Railroad v. Addison, 502 So.2d 1241 (Fla.1987), plaintiff's vehicle left the roadway and struck, in the median, a large boulder which was located six feet from the edge of the paved surface of the road. Notwithstanding the existence of section 316.090, Florida Statutes, prohibiting vehicles from driving on the median, this court rejected the city's argument that it owed no duty to plaintiff.
We therefore reverse the summary judgment and certify conflict with Powell.
STEVENSON, J., and GROSSMAN, MELVIN B., Associate Judge, concur.