705 So.2d 1359 (1998)
FLORIDA POWER & LIGHT CO., Petitioner,
v.
Edward PERIERA, Respondent.
No. 89266.
Supreme Court of Florida.
January 15, 1998.
*1360 Cheryl Kempf, North Palm Beach, and Suzanne H. Youmans of Engels, Pertnoy, Solowsky & Allen, P.A., Miami, for Petitioner.
Scott A. Mager, Fort Lauderdale, for Respondent.
Paul R. Regensdorf of Fleming, O'Bryan & Fleming, P.A., Fort Lauderdale, for Florida Defense Lawyers Association, Amicus Curiae.
Richard A. Barnett, Hollywood, for the Academy of Florida Trial Lawyers, Amicus Curiae.
HARDING, Justice.
We have for review the decision in Periera v. Florida Power & Light Co., 680 So.2d 617 (Fla. 4th DCA 1996), which certified conflict with the decision in Powell v. Florida Department of Transportation, 626 So.2d 1008 (Fla. 1st DCA 1993), on the issue of whether a potential tortfeaser is relieved of the duty owed to an injured party because of the injured party's violation of a statute. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
The facts of the two cases at issue here are essentially the same. Both cases involve drivers operating their motorcycles on prohibited *1361 pathways, in violation of section 316.1995, Florida Statutes (1995).[1]
In Periera, the plaintiff was injured on a bicycle path when his motorcycle struck a guy wire which was maintained by Florida Power and Light Company (FP & L). The trial court granted FP & L's motion for summary judgment. The trial court reasoned that FP & L owed no duty to the plaintiff, because operating a motorcycle on a bike path is prohibited by section 316.1995. On appeal, the Fourth District Court of Appeal reversed the summary judgment, holding that a violation of a statute is prima facie evidence of negligence. Periera, 680 So.2d at 618. The district court ruled that the violation of the statute did not relieve FP & L of its duty as a matter of law, and that FP & L would still have to show that the violation of the statute was the proximate cause of the injury. Id. In doing so, the district court also certified conflict with Powell. Id.
In Powell, the plaintiff was injured while riding his motorcycle on an allegedly defective sidewalk, which was maintained by the Department of Transportation (DOT). The trial court granted DOT's motion for summary judgment. The trial court held that DOT owed no duty to the plaintiff and that operating a motorcycle was prohibited by section 316.1995 and was therefore unforeseeable. On appeal, the First District Court of Appeal affirmed the trial court, finding that DOT owed no duty to make sidewalks safe for motorcycle traffic and that no cause of action existed as a matter of law. Powell, 626 So.2d at 1008-09.
There are two distinct issues in this case, duty and proximate cause. Foreseeability can be relevant both to the element of duty and the element of proximate cause. See McCain v. Florida Power Corp., 593 So.2d 500, 502 (Fla.1992). "The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader `zone of risk' that poses a general threat of harm to others." Id. The issue of duty is a question of law. "The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." Id. The issue of proximate cause is generally a question of fact. "In other words, the former is a minimal threshold legal requirement for opening the courthouse doors, whereas the latter is part of a much more specific factual requirement that must be proved to win the case once the courthouse doors are open." Id. (footnote omitted).
We agree with the Fourth District Court of Appeal that Periera's violation of section 316.1995 does not relieve FP & L of a duty as a matter of law. As the district court stated, "FP & L's guy wire was as much as a hazard to bicyclists, who were lawfully on the bike path, as to motorcyclists, who were not." Periera, 680 So.2d at 618.
We read Powell to say that the plaintiff's violation of section 316.1995 relieved DOT of its duty to maintain a safe sidewalk.[2] The proper way of determining whether a duty existed is to decide whether the defendant's actions created a foreseeable zone of risk, not by whether the specific injury suffered was foreseeable by the defendant. Therefore, we disapprove Powell to the extent that it conflicts with this reasoning.
Once it is established that a duty does exist, only then does the question of proximate cause become relevant. Foreseeability, as it relates to the proximate cause, generally is a question of fact left for the fact-finder. See McCain, 593 So.2d at 503-04. In this *1362 context, the focus is on specific, narrow facts of the case, not the broader zone of risk that the defendant created. See id. at 503.
We find that Periera's violation of section 316.1995 is prima facie evidence of comparative negligence. Comparative negligence is properly considered within the element of proximate cause. It is up to the fact-finder to decide whether FP & L's negligence (if any), Periera's negligence, or both were the proximate cause of the incident which produced Periera's injury. If it is decided that the negligence of both parties proximately contributed to Periera's injury, then it is up to the fact-finder to determine what percentage of negligence is attributable to each. Therefore, it was improper for the trial court in this case to grant summary judgment.
Accordingly, we approve the decision below to reverse summary judgment and disapprove Powell to the extent that it is inconsistent with our opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] Section 316.1995, Florida Statutes (1995), states that "[n]o person shall drive any vehicle other than by human power upon a bicycle path, sidewalk, or sidewalk area, except upon a permanent or duly authorized temporary driveway." The cases at issue involved the 1987 and 1989 statutes; however, these statutes are identical to the current version of the statute.
[2] Powell states in relevant part:

We agree that DOT owed no duty to Powell and therefore summary judgment was proper.
...
DOT had no duty to foresee, as likely to happen, the use of a sidewalk by a motorcyclist. The trial judge correctly determined that because DOT owed no duty to make sidewalks safe for motorcycle traffic, no cause of action existed as a matter of law.
Powell, 626 So.2d at 1008-09.