COBB, J.
This appeal concerns the validity of a verdict obtained by the representative of the estate of Charles Padgett for his wrongful death. It raises the issue of the duty owed by a taxi cab company to an intoxicated passenger.
During the late evening of March 6, 1994, Padgett and a friend, Sandra Guest, went to a bar in Daytona Beach after spending the day together. They departed the bar in the early morning and a cab was called for them. Padgett was visibly intoxicated and Guest testified that her faculties were impaired to some extent. The cab driver, Lipsky, was unable to determine the destination from the intoxicated Padgett. Guest knew only that Padgett’s condominium was located some *819 where in New Smyrna Beach, some fifteen miles to the south.
Ultimately, a dispute arose between Lip-sky and his passengers, fueled by his discovery that they had no money with them to pay the fare. Lipsky ordered them out of the cab. The drop-off point on the west side of U.S. 1 was close to a restaurant located on that side of the highway. According to Guest, when first let out, Padgett tried to flag cars down and hitchhike but was dissuaded by Guest. The two then walked to the front door of the restaurant and saw people inside, but they were refused entry. They walked south from the restaurant for some distance, and Guest decided to cross the road from west to east without Padgett. Apparently, Padgett followed her into the roadway and was fatally hit by a car operate ed by a drunk driver.
In an action against Lipsky and Yellow Cab, Padgett’s estate claimed that the defendants had a duty not to eject Padgett in an unfamiliar or unsafe area knowing he was intoxicated. Clearly, the issue of duty is a question of law. Florida Power & Light Company v. Periera, 705 So.2d 1359 (Fla. 1998). In Checker Cab Operators v. Castleberry, 68 So.2d 353 (Fla.1953), a cab driver let his intoxicated passenger, Castleberry, out at the wrong address. After the cab left, Castleberry fell down in the road and was injured. He claimed that the cab company was liable because he was drunk and physically incapable of walking of standing without assistance. Castleberry also alleged that the driver had him disembark on a sharp, jagged and perilous rock street, making no provision for the passenger’s protection. The court ruled that, as a matter of law, the evidence did not show any actionable negligence against the driver. We read Castle-berry as holding that, as a matter of law, the driver had fulfilled his duty.[1]
In the instant case we likewise find that no duty existed on the part of Lipsky and Yellow Cab at the time Padgett was struck by the car. When Padgett got out of the cab there were several commercial establishments within walking distance and it was reasonable for Lipsky to assume that Pad-gett already had assistance in the form of Guest. Had Lipsky dropped the passengers off in the parking lot in front of the restaurant they would have been no safer than they were when they walked there on their own.
At oral argument counsel for the plaintiff contended that it was the duty of the defendant cab driver to see that Padgett was delivered to the responsible care and custody of a third party, and pointed out that the New Smyrna Beach Police Department was less than a mile from the restaurant. It is difficult to imagine the adverse consequences that would ensue from a court’s implementation of such a policy. No one would call for a cab for an intoxicated person— and, if they did, no sane cab driver would respond. If the law were to impose upon taxicab companies the duty advocated by the plaintiff here, the result would be inimical to the public policy favoring the utilization of taxicabs by potentially drunk drivers.
Accordingly, we reverse the final judgment in this cause and remand to the trial court with instructions to enter judgment in favor of Lipsky and Yellow Cab.
REVERSED AND REMANDED.
GOSHORN and ANTOON, JJ., concur.

. The court observed "certainly the cab driver was not called upon to physically pick his passenger up, carry him in his arms into the house and place him upon a bed.” 68 So.2d at 356. We recognize that Castleberry preceded the advent of comparative negligence in Florida, but the issue here is the existence vel non of a legal duty at the time of injury, not the relative fault of different parties.