972 So.2d 1041 (2008)
David HULBERT and Marion Bailey, Appellants,
v.
Sharon VOGT, Re/Max Horizons Realty, Wells Fargo Mortgage Corporation, Wells Fargo Insurance, Inc., New Horizon Financial Corp. d/b/a New Horizon Financial, Thomas R. Keeven Appraisals, Grant Hobart, CLU, and State Farm Florida Insurance Company, Appellees.
No. 1D07-1406.
District Court of Appeal of Florida, First District.
January 18, 2008.
Keith W. Weidner of Taylor, Warren, & Weidner, P.A., Pensacola, for Appellants.
*1042 R. Scott Traweek, Phillip S. Howell, and Thomas L. Robinson, of Galloway, Johnson, Tompkins, Burr, and Smith, P.L.C., Pensacola, for Appellees.
PER CURIAM.
Because the trial court erred in determining, on summary, judgment, that the actions of Appellees were not the proximate cause of Appellants' damages, we reverse and remand this case for further proceedings. See, e.g., Fla. Power & Light Co. v. Periera, 705 So.2d 1359, 1361 (Fla. 1998) ("Foreseeability, as it relates to the proximate cause, generally is a question of fact left for the fact-finder."); McCain v. Fla. Power Corp., 593 So.2d 500, 504 (Fla. 1992) ("Unlike in the `duty' context, the question of foreseeability as it relates to proximate causation generally must be left to the fact-finder to resolve. Thus, where reasonable persons could differ as to whether the facts establish proximate causationi.e., whether the specific injury was genuinely foreseeable or merely an improbable freakthen the resolution of the issue must be left to the fact-finder. The judge is free to take this matter from the fact-finder only where the facts are unequivocal, such as where the evidence supports no more than a single reasonable inference." (citations omitted)). Similarly, the question of intervening cause is also generally left for the jury. See, e.g., Gibson v. Avis Rent-A-Car Sys., Inc., 386 So.2d 520, 522 (Fla.1980) ("If an intervening cause is foreseeable the original negligent actor may still be held liable. The question of whether an intervening cause is foreseeable is for the trier of fact.").
REVERSED AND REMANDED.
BROWNING, C.J., KAHN and ROBERTS, JJ., concur.