Warner, J.
The plaintiffs below, Clyde Stokes and his family, appeal a final judgment finding no liability on the part of the defendants, the Hertz Corporation and its lessee, Dela-na Wynn. The jury found co-defendant Nathaniel Phillips, who was driving the . rental car, solely liable for the accident in which Stokes was injured. Appellants claim that the court erred by instructing the jury that if it found that Phillips’s actions in taking the vehicle amounted to a theft or conversion, then it could find Wynn, and thus Hertz, not liable. We conclude that the court did not err in so instructing the jury and affirm.
Stokes was injured when he was struck by a vehicle driven by Phillips, who fled the scene. At the trial on the negligence action, the main issue involved how Phillips gained access to the vehicle, which had been rented from Hertz by Wynn.
At the time, Wynn was living in a house in Sanford, Florida, which was owned by her husband’s parents. There were ten to twelve people with some familial relationship living in the house, and there were multiple vehicles in the driveway. This created a situation where people had to move others’ cars to get their own car out. The way some of the family dealt with the *893 problem was to occasionally put their keys in a cabinet in the kitchen.
Wynn had a mechanical problem with her car and took it into the shop to be fixed. She rented a car from Hertz for about three weeks, leaving the rental car at the house while she was working. The key fob had the Hertz name on one side and the details of the car on the other. During the time she had the rental car and was living at the house, no one had moved the car. She did not leave the keys to the rental car in the kitchen. Instead, she put the keys on the dresser in the locked room where she had been staying.
On the day of the accident, Phillips, the boyfriend of one of the residents of the house, visited the home. Phillips testified via deposition that he took the rental car keys off the kitchen counter and drove the car, supposedly to get milk for his girlfriend’s young child. He did not speak to Wynn before taking the rental car and Wynn never gave him permission to drive it. He denied going into Wynn’s bedroom to get the keys. While out, he ran into Stokes’s motorcycle, causing his injuries. Phillips ran from the scene of the accident. When he was apprehended, he admitted that two grams of crack cocaine were found in the car but denied that it belonged to him.
After the accident, appellants filed suit against Phillips, Wynn, and Hertz. As to Wynn, the complaint alleged that she was liable for Phillips’s negligence because Phillips was operating the vehicle with her express or implied consent. Alternatively, the complaint alleged that she had been negligent in making the keys available to Phillips because he did not have a driver’s license. As to Hertz, the complaint alleged negligence because it had attached key tags or fobs to the car keys given to its customers which identified the keys as belonging to a rental car.
At trial, Wynn requested a modification of the standard instruction on express and implied consent in order to address the issue of whether Phillips’s use of the vehicle exceeded the scope of Wynn’s consent and thereby relieved Wynn from liability. Over appellants’ objection, the trial court agreed to give the modified instruction before opening statements and again at the close of the case. The instruction, which included the objected-to language in bold, provided:
The other claims [sic] against Delana Wynn is that she impliedly consented to the operation of the Hertz rental car by Nathaniel Phillips and is responsible for any negligence by him in the operation of the vehicle at the time of the collision.
[[Image here]]
Delana Wynn also denies those claims and ... additionally asserts an affirmative defense on the issue of whether she impliedly consented to Nathaniel Phillips’ use of a vehicle. Specifically, she alleges that Nathaniel Phillips’ use of the vehicle exceeded the scope of any alleged implied consent, so that ... his use of the vehicle amounted to a species of theft or conversion.
On one of the claims of the plaintiff against Delana Wynn there’s a preliminary issue for you to decide. That issue is whether Nathaniel Phillips was operating the vehicle with the express or implied consent of Delana Wynn.
A person who rents a motor vehicle and who expressly or impliedly consents to another’s use of it is responsible for its operation.
A lessee of a vehicle is one.who has leased or. rented the vehicle from its owner.
Some of the factors that you may consider in determining whether there is evidence of implied consent are the follow *894 ing; one, the driver’s .prior use of the vehicle. Two, the location and accessibility of the keys. The existence of a familial relationship between the owner and the driver.. Four, the conduct of the parties after the accident.
The jury returned a verdict and answered “No” to the question, “Was Nathaniel Phillips operating the motor vehicle, with the express or implied consent of Delana Wynn at the time of the collision?” The jury found no negligence on the part of Hertz and found Phillips to be. 100% responsible for the accident. From the final judgment in favor of Wynn and Hertz, appellants now appeal.
Appellants argue that the trial court erred in giving the modified jury instruction, drafted by Wynn’s counsel, which exonerated Wynn if Phillips’s use of the vehicle exceeded the scope of any implied consent. According to appellants, one' of the theories of liability agairist Wynn was that' she had impliedly consented to Phillips’s use of the rental car by leaving her keys in the house kitchen, and that Wynn was thus vicariously liable for his use of the vehicle. Appellants argue that instructing the jury that Wynn could not be liable if Phillips simply exceeded the scope of Wynn’s consent was error.
The standard of review of a trial court’s decision regarding whether to give a particular jury instruction is reviewable under the abuse of discretion standard. Connell v. Riggins, 944 So.2d 1174, 1181 (Fla. 1st DCA 2006). Under the abuse of discretion standard of review, the party defending the jury instructions on appeal must show that the requested instruction accurately stated the applicable law, the facts- supported giving the instruction, and the . instruction was necessary in order to allow the jury to properly resolve all the issues in the case. Vitrano v. Fla. Power & Light Co., 190 So.3d 89, 91 (Fla. 4th DCA 2015).
The trial court’s instruction to the jury that Wynn would not be liable if Phillips’s use of the vehicle exceeded any express or implied consent and amounted to a species of theft or conversion is consistent with Hertz Corp. v. Jackson, 617 So.2d 1051 (Fla. 1993), in which the supreme court held:
[Liability [of an owner for the negligence of a driver who is not the renter of the vehicle] should be determined on the basis of whether there has, in fact, been a conversion or theft of the vehicle prior to the negligence at issue. We hold that once a vehicle has been the subject of a theft or conversion, the owner’s initial consent has been vitiated and the vehicle is no longer on public highways “by authority of’ the owner.
Id. at 1053. Jackson relied on Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959). Jackson, 617 So.2d at 1053. In Susco, the supreme court also noted that an owner who consented to the operation of the vehicle by another would not be hable “when control of such a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will reheve an owner of responsibihty for its use or misuse.” Susco, 112 So.2d at 835-36. The court further explained:
[W]hile the rule governing liability of an owner of a dangerous agency who permits it to be used by another is based on consent, the essential authority or consent is simply consent to the use or operation of such an instrumentality beyond his own immediate control. Only to that limited extent is the issue pertinent when members of the public are injured by its operation, and only in a situation where the vehicle is not in operation pursuant to his authority, or where he has in fact been deprived of the incidents of ownership, can such an owner escape responsibility.
*895 Id. at 837 (emphasis added). In Ryder TRS, Inc. v. Hirsch, 900 So.2d 608 (Fla. 4th DCA 2005), we found that an instruction on conversion was not error in a case where a renter of a vehicle did not return it as promised and kept it after being told he would be arrested if he drove it. The vehicle was subsequently involved in an accident while being driven by the renter’s girlfriend. Id. at 610. We noted, “[T]o vitiate the owner’s initial consent and deem the vehicle ‘no longer on the public highways by authority of the owner,’ the vehicle must be shown to have been the subject of a theft or conversion.” Id. (alteration in original) (quoting Dockery v. Enter. Rent-A-Car Co., 796 So.2d 593, 598 (Fla. 4th DCA 2001)). Thus, whether the rented vehicle had been converted at the time of the accident was an issue which must have been submitted to the jury. Id.
In this case, the evidence supported the conclusion that Wynn did not give express authority to Phillips to drive the vehicle. Wynn testified that she kept the keys to the vehicle in her room, although Phillips said he obtained the keys from the kitchen counter. Nevertheless, there was ample evidence to support a conversion or theft of the vehicle by Phillips. Certainly, the evidence showed that the “the vehicle [was] not in operation pursuant to [Wynn’s] authority” when the accident occurred, as Phillips was either out to buy something for his child or buying drugs. Susco, 112 So.2d at 837. Thus, whether a conversion or theft of the vehicle had taken place was an issue, for the jury, and the court properly instructed the jury.
Appellants also challenge the trial court’s order of bifurcation of the trial of liability and damages. We conclude that the court did not abuse its discretion and affirm-on that issue, as well as the remaining issues in the case.
For the foregoing reasons, we affirm the judgment in favor of the appellees.
Taylor and Levine, JJ., concur.